IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RICARDO ERNESTO SANCHEZ MENA,**<br><br>Petitioner,<br><br>v.<br><br>**SILVANA ESTHER GOMEZ PAZ,**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:20-cv-00036-CW-JCB**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is the issue of whether to extend the deadlines for filing declarations of foreign law.

## BACKGROUND

On July 23, 2020, the court entered an order that memorialized rulings made during a hearing held that same day, including the court's decision to amend the scheduling order.[3] Although the court determined that it would amend the scheduling order to extend certain deadlines, it reserved ruling on the issue of an extension of the deadlines for filing declarations of foreign law. The court ordered Respondent Silvana Esther Gomez Paz ("Respondent") to file

---

[1] ECF No. 17.

[2] ECF No. 43.

[3] ECF No. 60.

a brief of no longer than 5 pages within 14 days of the order on the issue of whether good cause exists to extend the deadlines for declarations of foreign law. The court indicated that upon receipt of Respondent's brief, it would determine that issue. Respondent filed her brief on August 6, 2020.[4] Petitioner Ricardo Ernesto Sanchez Mena ("Petitioner") filed a responsive brief on August 12, 2020.[5]

## LEGAL STANDARDS

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." At the same time, Fed. R. Civ. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."

As the Tenth Circuit Court of Appeals has recognized, good cause and excusable neglect are not identical but are interrelated. *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*In re Kirkland*, 86 F.3d at 175 (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905. "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d at 175. "Demonstrating good cause under the [Rule 16(b)(4)] requires the moving party to

---

[4] ECF No. 62.

[5] ECF No. 63.

show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

In determining whether excusable neglect exists,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."

*Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[6] "The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'" *Id.* (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (third alteration in original). "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'" *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (alteration in original).

## ANALYSIS

For the reasons set forth below, the court concludes that—although by the slimmest of margins—Respondent has established both good cause and excusable neglect. Therefore, the

---

[6] Although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b) . . . ." *Shifers*, 2018 WL 6620866, at *3 (citing multiple Tenth Circuit cases) (quotations and citations omitted).

deadlines for filing declarations of foreign law will be extended consistent with the other discovery deadlines that were also previously extended.

## I. Respondent Has Established Good Cause.

As stated above, to establish good cause to extend the deadlines for filing declarations of foreign law, Respondent must provide an adequate explanation for her failure to meet the deadlines. *Strope*, 315 F. App'x at 61. Although it is a close call, the court concludes that Respondent's stated explanation for the delay—the COVID 19 pandemic—is adequate.[7] Respondent contends that Peru has been drastically impacted by the pandemic, thereby compromising her ability to acquire critical information about Peruvian law from Peruvian legal contacts. Respondent further contends that she needs to obtain that information before filing her declarations of foreign law. The court accepts those contentions as being made in good faith.

Although Petitioner's brief focuses mainly upon excusable neglect, he does raise some arguments that could be construed as being directed at the good cause standard. First, Petitioner argues that the court already extended the deadlines in this case once due to the COVID-19 pandemic and that he had no issues filing his declarations of foreign law in a timely fashion pursuant to the extended deadlines. The court is not persuaded that those facts compel the conclusion that Respondent has not provided an adequate explanation for failing to meet the

---

[7] Although the court concludes that Respondent has proffered an adequate explanation for the failure to meet the deadlines in question in this instance, the court admonishes Respondent's counsel to strictly adhere to future deadlines in this case. If unable to do so, Respondent's counsel should confer with Petitioner's counsel about and/or seek court approval for extensions of any relevant deadlines well in advance of their expiration.

deadlines. In other words, simply because Petitioner was able to meet the deadlines despite COVID-19, that does necessarily mean that Respondent likewise was able to do so.

Second, Petitioner relies upon an opinion from this court, *Smash Tech., LLC v. Smash Solutions, LLC*, ___ F.R.D. ___, 2020 WL 3546254 (D. Utah June 30, 2020), to support his argument that the COVID-19 pandemic is not an adequate reason to explain Respondent's delay and "does not serve to obviate counsel's professional responsibilities" to meet deadlines.[8] The court concludes that Petitioner's reliance upon that case is misplaced. In *Smash Tech*, counsel was not dependent upon a foreign government that was in a strict COVID-19 lockdown to obtain documents and information.[9] Additionally, counsel here sought to extend a deadline that had previously expired under Rule 6. However, counsel in *Smash Tech* never sought an extension either timely or tardily. *Id*. at *9. Therefore, *Smash Tech*'s COVID-19 ruling is inapplicable here.

Finally, Petitioner argues that Respondent has failed to provide sufficient detail to explain her inability to obtain necessary information prior to filing her declarations of foreign law. That argument fails. The court concludes that Respondent's contentions, while not overly detailed, are sufficient to explain the difficulties she has experienced as a result of the COVID-19 pandemic.

---

[8] ECF No. 63 at 6.

[9] The court takes judicial notice under Fed. R. Evid. 201 that Peru has been in a strict COVID-19 lockdown during the relevant times in this action. Ciara Nugent, *Peru Locked Down Hard and Early. Why Is Its Coronavirus Outbreak So Bad?*, TIME (May 29, 2020) (https://time.com/5844768/peru-coronavirus/) (last visited Aug. 14, 2020).

## II. Respondent Has Demonstrated Excusable Neglect.

### A. There Is No Danger of Undue Prejudice to Petitioner.

Although Petitioner has already filed his declarations of foreign law,[10] the court cannot see any danger of undue prejudice to him if the court extends the deadlines for filing declarations of foreign law. To the contrary, the court concludes that allowing both Petitioner and Respondent to file their respective declarations and rebuttal declarations will aid both parties in fully developing the legal issues to be decided by the court. It is true, as Petitioner argues, that he will be given a shorter timeframe in which to respond to Respondent's declarations of foreign law. However, the court is not persuaded that rises to the level of undue prejudice.

### B. The Length of the Delay Is Minimal and Will Not Negatively Impact the Judicial Proceedings.

Respondent seeks an extension of approximately three months, which the court concludes is reasonable under the circumstances. More importantly, the court concludes that the delay will not negatively impact these proceedings. To the contrary, the delay associated with extending the deadlines for filing declarations of foreign law will have a positive impact on the proceedings for the parties, as well as the court, especially where, as here, discovery deadlines were reset by prior order. As noted above, it will help the parties to fully develop the legal issues presented by this case, and it will assist the court in deciding those issues.

### C. Respondent Has Proffered an Adequate Reason for the Delay.

For the same reasons stated in Section I above, the court concludes that Respondent has stated an adequate explanation for her failure to meet the deadlines at issue.

---

[10] ECF No. 44.

### D. There Is No Evidence That Respondent Acted in Bad Faith.

The court cannot see any specific evidence indicating that Respondent has acted in bad faith. Accordingly, this factor weighs in favor of a finding of excusable neglect.

That said, the court warns Respondent's counsel that failing to meet future deadlines without first seeking leave of court will result in undesirable sanctions. Counsel's lack of experience in federal court or comparative lack of resources cannot justify failing to abide by published rules, which are readily available to the public and practitioners. Although the court grants Respondent an extension of time here, it does so by the slimmest of margins. The inaction that led to the current situation should not be repeated.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court concludes that Respondent has established good cause for extending the deadlines for filing declarations of foreign law. Additionally, the court concludes that Respondent has demonstrated excusable neglect for failing to meet the expired deadlines. Therefore, IT IS HEREBY ORDERED that the deadline for filing declarations of foreign law is extended to September 7, 2020, and the deadline for both parties' rebuttal declarations of foreign law is extended to September 14, 2020.

IT IS SO ORDERED.

DATED August 14, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge