# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RICARDO ERNESTO SANCHEZ MENA,** Petitioner, v. **SILVANA ESTHER GOMEZ PAZ,** Respondent. | **MEMORANDUM DECISION AND ORDER** Case No. 2:20-cv-00036-CW-JCB **District Judge Clark Waddoups** **Magistrate Judge Jared C. Bennett** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Respondent Silvana Esther Gomez Paz's ("Respondent") Motion for Issuance of a Letter Rogatory for Judicial Assistance From the Superior Court of Justice of Peru, Under the Inter-American Convention on Letters Rogatory and the Taking of Evidence Abroad of January 30, 1975 ("Motion").[3] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the Motion on the written memoranda. Based upon the following analysis, the Motion is denied.

---

[1] ECF No. 17.

[2] ECF No. 43.

[3] ECF No. 104.

**RELEVANT BACKGROUND**

This case was initiated on January 16, 2020.[4] On May 19, 2020, the first scheduling order was entered, which set the fact discovery deadline for June 30, 2020.[5] On July 23, 2020, the court amended the scheduling order, setting a new fact discovery deadline of October 8, 2020.[6]

On September 23, 2020, Respondent's former counsel moved to withdraw from this case.[7] As a result, on September 24, 2020, the court stayed all deadlines pending the resolution of that motion to withdraw.[8] On September 28, 2020, the court granted the motion to withdraw and provided Respondent with 21 days to obtain new counsel.[9] On October 19, 2020, the last day of that 21-day deadline, new counsel filed a notice of appearance on behalf of Respondent.[10]

On October 27, 2020, the court held a status conference.[11] At the outset of that hearing, Respondent's new counsel moved to withdraw at Respondent's request, and the court granted

---

[4] ECF Nos. 2, 3.

[5] ECF No. 41 at 2, ¶ 8.

[6] ECF No. 61 at 3, ¶ 8.

[7] ECF No. 83.

[8] ECF No. 85.

[9] ECF No. 87.

[10] ECF No. 90.

[11] ECF No. 93.

that motion in a written order issued the same day.[12]  In that same order, the court amended the scheduling order again, setting a new fact discovery deadline of December 8, 2020.[13]

During the October 27, 2020 status conference, Respondent raised for the first time her asserted need for the issuance of a letter rogatory.  Respondent then filed the Motion on November 2, 2020.[14]

## ANALYSIS

The Motion seeks a court order for issuance of a letter rogatory to the Superior Court of Justice of Lima, Peru.  Through the proposed letter rogatory,[15] Respondent "requests documents and depositions" that she claims are "highly relevant to various issues in this proceeding and may not be obtained by any other means."[16]  Petitioner Ricardo Ernesto Sanchez Mena ("Petitioner") opposes the Motion.

"The decision to issue a letter rogatory is . . . entrusted to the sound discretion of the district court, and [is reviewed] only for an abuse of discretion." *United States v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011), *as revised* (Dec. 27, 2011) (citing *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006)); *see also Cordeiro v. Alves*, No. 1:16-CV-23233-UU, 2017 WL 3099086, at *1 (S.D. Fla. Apr. 7, 2017).  "A court may, therefore, deny a motion for letters rogatory as long as [there is] a good reason to deny the request. . . . Good reasons include, among

---

[12] ECF No. 97 at 1, ¶ 1.

[13] *Id*. at 3, ¶ 10.

[14] ECF No. 104.

[15] ECF No. 104-8.

[16] ECF No. 104 at 1.

3

other things, where granting the motion would cause an inherent delay that would prejudice the opposing party." *Cordeiro*, 2017 WL 3099086, at *1 (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273-74 (11th Cir. 2015)) (quotation marks omitted).

Petitioner contends that the Motion should be denied. Petitioner argues, *inter alia*, that issuance of Respondent's proposed letter rogatory would cause an impermissible delay and prejudice Petitioner. For the following reasons, the court agrees with Petitioner's arguments.

First, issuance of Respondent's proposed letter rogatory would cause undue delay. As demonstrated by the procedural history cited above, the discovery process in this case began on May 19, 2020, when the first scheduling order was entered. Yet neither Respondent nor her former counsel ever raised the issue of a letter rogatory until over 5 months later during the October 27, 2020 status conference.[17] Additionally, discovery is now set to close on December 8, 2020, which is less than 1 month away.

Under those circumstances, the court concludes that issuance of Respondent's proposed letter rogatory would cause an undue delay, particularly given that execution of a letter rogatory can take a substantial amount of time. Indeed, "[t]he letter rogatory process 'has been described as "complicated, dilatory, and expensive."'" *El-Mezain*, 664 F.3d at 517 (quoting *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007) (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 531 (1987))); *see also* U.S. Dep't of State – Bureau of Consular Affairs, *Preparation of Letters Rogatory, Time Frame for Execution of*

---

[17] On September 3, 2020, Respondent's former counsel did file a Motion for Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. ECF No. 67. However, that motion made no mention of Respondent's asserted need for issuance of a letter rogatory.

*Letters Rogatory*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Nov. 19, 2020) ("Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission."). Further, other courts have denied a motion for issuance of a letter rogatory under circumstances where, as here, Respondent has not been diligent in seeking the relief requested in the Motion. *Cordeiro*, 2017 WL 3099086, at *1 (denying the defendant's motion to reconsider denial of motion for letters rogatory based, in part, on the fact that the defendant did not move for issuance of the letters rogatory until less than 1 month before the discovery deadline); *Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 246 F. Supp. 2d 285, 287-89 (S.D.N.Y. 2003) (denying the defendants' request for issuance of letters rogatory made just prior to an evidentiary hearing and concluding that "it was Defendants' choice to be less than aggressive in securing the testimony . . . previously and it would unduly delay this proceeding to send new Letters Rogatory . . . at this point").

Second, the inherent delay caused by issuance of Respondent's proposed letter rogatory would prejudice Petitioner. This case has been pending for over 10 months, which far exceeds the six-week guideline for reaching a final resolution in this type of case. Int'l Child Abduction Convention Between the United States of Am. & Other Gov'ts Done at the Hague Oct. 25, 1980, art. 11, T.I.A.S. No. 11670 (July 1, 1988) (providing a 6-week guideline for resolution and stating that "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children"). As indicated above, issuance of Respondent's proposed letter rogatory would undoubtedly delay this case even further, which

5

would impose prejudice upon Petitioner.  This is particularly true given Respondent's failure to diligently and expeditiously seek the issuance of her proposed letter rogatory.  *Cordeiro*, 2017 WL 3099086, at *1 ("Further delaying this action would be highly prejudicial to Plaintiff, and the Court will not prejudice Plaintiff to accommodate Defendant's failure to diligently defend this action and seek discovery in this case.").

## CONCLUSION AND ORDER

For the foregoing reasons, the court concludes that issuance of Respondent's proposed letter rogatory would cause undue delay and prejudice Petitioner.  Therefore, the Motion[18] is DENIED.

IT IS SO ORDERED.

DATED November 20, 2020.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 104.