IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RICARDO ERNESTO SANCHEZ MENA,** Petitioner, v. **SILVANA ESTHER GOMEZ PAZ,** Respondent. | **MEMORANDUM DECISION AND ORDER** Case No. 2:20-cv-00036-CW-JCB **District Judge Clark Waddoups** **Magistrate Judge Jared C. Bennett** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Respondent Silvana Esther Gomez Paz's ("Respondent") Motion for Leave to Amend Answer ("Motion").[3] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the Motion on the written memoranda. Based upon the following analysis, the Motion is denied.

---

[1] ECF No. 17.

[2] ECF No. 43.

[3] ECF No. 111.

...
...
...
...

## RELEVANT BACKGROUND

Petitioner Ricardo Ernesto Sanchez Mena ("Petitioner") initiated this case on January 16, 2020.[4] Respondent filed her answer on March 4, 2020.[5] On September 2 and 3, 2020, Respondent filed amended answers without leave of court.[6] On September 11, 2020, Petitioner moved to strike Respondent's amended answers as untimely and improper.[7]

On September 23, 2020, Respondent's former counsel moved to withdraw from this case.[8] As a result, on September 24, 2020, the court stayed all deadlines pending the resolution of that motion to withdraw.[9] On September 28, 2020, the court granted the motion to withdraw and provided Respondent with 21 days to obtain new counsel.[10] On October 19, 2020, the last day of that 21-day deadline, new counsel filed a notice of appearance on behalf of Respondent.[11]

On October 27, 2020, the court held a status conference.[12] At the outset of that hearing, Respondent's new counsel moved to withdraw at Respondent's request, and the court granted

---

[4] ECF Nos. 2, 3.

[5] ECF No. 29.

[6] ECF Nos. 66, 69.

[7] ECF No. 73.

[8] ECF No. 83.

[9] ECF No. 85.

[10] ECF No. 87.

[11] ECF No. 90.

[12] ECF No. 93.

that motion in a written order issued the same day.[13]  In that same order, the court granted Petitioner's motion to strike Respondent's amended answers because the motion was unopposed.[14]

During the October 27, 2020 status conference, Respondent raised the issue of amending her answer.  Accordingly, in the order following the hearing, the court permitted Respondent to file a motion to amend her answer on or before November 5, 2020.[15]  Respondent then filed the Motion.[16]  Petitioner opposes the Motion.[17]

## **ANALYSIS**

Respondent's motion is governed by Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

---

[13] ECF No. 97 at 1, ¶ 1.

[14] *Id*. at 3, ¶ 6.

[15] *Id*. at 3, ¶ 7.

[16] ECF No. 111.

[17] ECF No. 120.

Here, the court concludes that the factors of undue delay and undue prejudice are dispositive of the Motion. The court considers those two factors below. Based upon the following analysis, the Motion is denied.

**I.    Undue Delay**

Petitioner argues that the Motion should be denied because it was unduly delayed. For the following reasons, the court agrees.

In considering undue delay, the Court of Appeals for the Tenth Circuit has held that courts should focus "primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206. The Tenth Circuit has also "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir.1993)).

Under those standards, the court concludes that Respondent has not proffered an adequate explanation for the delay in bringing the Motion. Respondent's stated reason for the delay is that she was unaware that the answers filed by her former counsel "omitted several important facts related to her defenses and did not disclose judicial orders mandated by the Highest Court in Peru."[18] However, the Motion does not indicate when Respondent became aware of those alleged omissions; an issue that Petitioner raised in his opposition memorandum. Even after Petitioner noted this flaw in his response, Respondent did not come forward with any evidence indicating the timing of her knowledge of the alleged omissions. Without such an indication, the

---

[18] ECF No. 111 at 1, ¶ 2 (emphasis omitted).

4

court concludes that Respondent has failed to state an adequate reason for the delay in bringing the Motion.[19]

Given that failure, the court concludes that the Motion was unduly delayed. That, by itself, is sufficient to justify denying the Motion. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."). Nevertheless, as explained below, granting the Motion would also impose undue prejudice upon Petitioner, which provides an alternative basis for denying the Motion.

## II.   Undue Prejudice

Petitioner contends that granting the Motion and permitting Respondent to amend her answer at this late stage of the case would impose undue prejudice upon Petitioner. For the reasons explained below, the court agrees.

"The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "For purposes of Rule 15, undue prejudice means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Weeks v. McLaughlin*, No. CIV.A. 09-2498-CM, 2010 WL 4115390, at *1 (D. Kan. Oct. 19, 2010) (quotations, citation, and footnote omitted).

---

[19] To the extent Respondent attempts to use her former counsel's withdrawal as an excuse for the delay in bringing the Motion, Respondent's own conduct undermines that asserted excuse. Even if Respondent did not become aware of the alleged omissions until her former counsel withdrew on September 28, 2020, she waited until the October 27, 2020 status conference, approximately one month later, to raise the issue of amending her answer. Furthermore, Respondent may not use the withdrawal of her former counsel to justify the delay in bringing the Motion. DUCivR 83-1.4(c)(3) ("Withdrawal may not be used to unduly prejudice the non-moving party by improperly delaying the litigation.").

The court concludes that permitting Respondent to amend her answer would impose undue prejudice upon Petitioner. As Petitioner correctly argues, if Respondent is allowed to file her proposed amended answer, Petitioner would undoubtedly need to conduct additional discovery, which would require the court to extend the discovery deadline. That would obviously impose additional delay in this case, which has been significantly delayed already. Indeed, the discovery deadline has already been extended multiple times at no fault of Petitioner. Furthermore, the discovery deadline is now set to expire on December 8, 2020, which is less than two weeks away. Importantly, this action has been pending for over 11 months, which far exceeds the six-week guideline for reaching a final resolution in this type of case. Int'l Child Abduction Convention Between the United States of Am. & Other Gov'ts Done at the Hague Oct. 25, 1980, art. 11, T.I.A.S. No. 11670 (July 1, 1988) (providing a 6-week guideline for resolution and stating that "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children"). Under those circumstances, the court concludes that any additional delay would impose undue prejudice upon Petitioner.

## **CONCLUSION AND ORDER**

Based upon the foregoing, the court concludes that the Motion was unduly delayed and that permitting Respondent to amend her answer would impose undue prejudice upon Petitioner. For those reasons, the Motion[20] is DENIED.

---

[20] ECF No. 111.

IT IS SO ORDERED.

DATED November 25, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge