IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICARDO ERNESTO SANCHEZ-MENA,<br><br>Petitioner<br><br>v.<br><br>SILVANA ESTHER GOMEZ-PAZ<br><br>Respondent | ORDER TO SHOW CAUSE<br><br><br><br>Case No. 2:20-cv-36<br>District Judge Clark Waddoups |

Introduction

When Petitioner filed his Amended Complaint, he included attachments that contained personal identifiers. Petitioner refiled redacted versions of those attachments after instruction from the court. (*See* ECF No. 91.)

On December 4, 2020, Respondent filed a Motion to Dismiss. (ECF No. 147.) This Motion included attachments that contain personal identifiers. Respondent's inclusion of personal identifiers in her attachments may violate the Federal Rules of Civil Procedure, the District of Utah's Local Rules, and the District of Utah's CM/ECF and Efiling Administrative Procedures Manual.

On December 15, 2020, Petitioner filed his Motion for Summary Judgment. (ECF No. 163.) This Motion included attachments that contain personal identifiers. Petitioner's inclusion of personal identifiers in his attachments may violate the Federal Rules of Civil Procedure, the District of Utah's Local Rules, and the District of Utah's CM/ECF and Efiling Administrative Procedures Manual.

As explained below, Respondent is ordered to show cause why her Motion to Dismiss should not be stricken in its entirety for failing to redact personal identifiers. Petitioner is also

ordered to show cause why his Motion for Summary Judgment should not be stricken in its entirety for failing to redact personal identifiers.

## Rules

Federal Rule of Civil Procedure 5.2 provides, in relevant part: "Unless the court orders otherwise, in an electronic . . . filing with the court that contains an individual's . . . birth date [or] the name of an individual known to be a minor . . . a party . . . making the filing may include only . . . the year of the individual's birth [and] the minor's initials . . . ." Fed. R. Civ. P. 5.2(a)(2–3.) Possibly relevant here, the rule also provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h).

The District of Utah's Local Rule 5.3 provides, in relevant part that "[t]o prevent the overdesignation of sealed Documents in the court record, counsel *must* . . . redact personal identifiers, as set forth in DU CivR 5.2-1, and publicly file the Document . . . ." DU CivR 5.3(2)(B) (emphasis added). DU CivR 5.2-1(a) provides that "[t]he filer *must* redact personal information in filings with the court, as required by Fed. R. Civ. P. 5.2-1(a) (emphasis added).

The District of Utah's CM/ECF and Efiling Administrative Procedures Manual provides:

> All counsel should carefully review proposed pleadings and attachments with regard to the inclusion of personal information. Certain types of sensitive information should not be included in documents filed with the Court. Personal information not protected will be available on the Internet via CM/ECF. If sensitive information must be included, the personal data identifiers *must* be redacted in the document.

District of Utah's CM/ECF and Efiling Administrative Procedures Manual (Procedures Manual) at 7 (emphasis added).[1] The Procedures Manual instructs counsel to "show only the initials" of the "[n]ames of minor children," and to "show only the year" of "[d]ates of birth." Procedures

---

[1] https://www.utd.uscourts.gov/sites/utd/files/utahadminproc.pdf

Manual at 7.

Order

The undersigned has previously noted that this court must consider not only Petitioner and Respondent's interests, but also the interests of A.L.—a minor child. (ECF No. 119 at 4.) As discussed above, with some possible exceptions, the Federal Rules and this District's Local Rules do not allow the parties to file submissions containing the minor child's name—only the minor child's initials.  And, as discussed above, the court has already put Petitioner on notice about the need to redact personal identifiers.

Petitioner has again filed attachments that contain personal identifiers—including the minor child's name. Respondent has communicated with the clerk's office to complain about Petitioner having made filings containing personal identifiers. But when Respondent filed her Motion to Dismiss, she also included attachments that contain unredacted personal identifiers—including the minor child's name. It therefore appears that both parties may have violated the Federal Rules of Civil Procedure and the District of Utah's local rules. The court orders the following:

1. To protect the minor child's interests, the clerk's office is instructed to seal:

    a. Respondent's Motion to Dismiss and all accompanying attachments, (ECF No. 147.)

    b. Petitioner's Motion for Summary Judgment and all accompanying attachments, (ECF No.163.)

2. Petitioner is ordered to show cause, on or before January 15, 2020, why his Motion for Summary Judgment should not be stricken in its entirety—with leave to refile with the appropriate redactions—for his possible failure to adhere to the Federal Rules of Civil

   Procedure and the District of Utah's Local Rules. Petitioner should address:

   a. His prior failure to redact personal identifiers;

   b. Any exemptions to the rules that may apply;

   c. Any person's (possible) waiver of the protections afforded under Fed. R. 5.2(a)

3. Respondent is ordered to show cause, on or before January 29, 2020, why her Motion to Dismiss should not be stricken in its entirety—with leave to refile with the appropriate redactions—for her possible failure to adhere to the Federal Rules of Civil Procedure and the District of Utah's Local Rules. Respondent should address:

   a. Any relevant argument raised by Petitioner;

   b. Any exemptions to the rules that may apply;

   c. Any person's (possible) waiver of the protections afforded under Fed. R. 5.2(a).

4. All responsive memoranda to pending motions will be stayed pending the court's resolution on the order to show cause

DATED December 30, 2020.

BY THE COURT:

_____

Clark Waddoups
United States District Judge