IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RICARDO ERNESTO SANCHEZ MENA,**<br><br>Petitioner,<br><br>v.<br><br>**SILVANA ESTHER GOMEZ PAZ,**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00036-CW-JCB<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court are Respondent Silvana Esther Gomez Paz's ("Respondent"): (1) motion for enlargement of time to file a motion to dismiss;[3] (2) motion for consolidation of defenses;[4] and (3) motion to amend the scheduling order.[5] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on

---

[1] ECF No. 17.

[2] ECF No. 43.

[3] ECF No. 149.

[4] ECF No. 152.

[5] ECF No. 151.

the written memoranda. Based upon analysis set forth below, Respondent's motion for enlargement of time to file a motion to dismiss is moot, her motion for consolidation of defenses is denied, and her motion to amend the scheduling order is granted in part and denied in part.

## ANALYSIS

I.  **Respondent's Motion for Enlargement of Time to File a Motion to Dismiss Is Moot.**

In a February 2, 2021 order, Judge Waddoups allowed Respondent to file her motion to dismiss.[6] Accordingly, Respondent's motion for an enlargement of time to file her motion to dismiss is moot.

II. **Respondent's Motion for Consolidation of Defenses Is Denied.**

Respondent moves the court to join the defenses included in her answer in her motion to dismiss. Respondent relies upon Fed. R. Civ. P. 12(g)(1), which provides that "[a] motion under this rule may be joined with any other motion allowed by this rule." By its own terms, that rule provides for joining a motion with another motion. It does not provide for joining defenses in an answer with a motion to dismiss. Therefore, Respondent's reliance on the rule is misplaced, and her motion is denied.

III. **Respondent's Motion to Amend the Scheduling Order Is Granted and Denied.**

In this motion, Respondent requests that the court: (A) extend the deadline for her to submit rebuttal declarations of foreign law, and (B) permit her to file a reply in support of her expert designations. The court addresses each of those requests below. Based upon the

---

[6] ECF No. 178.

following analysis, Respondent's request to extend the deadline for her to submit rebuttal declarations of foreign law is denied, and her request to file a reply in support of her expert designations is granted.

    **A.    Respondent's Request to Extend the Deadline for Filing Rebuttal Declarations of Foreign Law Is Denied.**

Respondent argues that (1) she was not permitted to file rebuttal declarations of foreign law, and, therefore, (2) the court should extend the deadline for her to submit such declarations. Each argument is addressed below.

    **1.    Respondent Was Provided with the Opportunity to File Rebuttal Declarations of Foreign Law.**

In an August 14, 2020 order, the court extended the deadline for filing declarations of foreign law to September 7, 2020[7] and extended the deadline for both parties to file rebuttal declarations of foreign law to September 14, 2020.[8] Respondent filed her declarations of foreign law on September 7, 2020,[9] but in a September 9, 2020 order, the court struck those declarations because they were not meaningfully specific.[10] However, out of an abundance of caution, the court provided Respondent until September 14, 2020, to file amended declarations of foreign law. Consistent with the original 7-day period for filing rebuttal declarations of foreign law, the

---

[7] Because Petitioner Ricardo Ernesto Sanchez Mena ("Petitioner") had already filed his declarations of foreign law on June 5, 2020, ECF No. 44, this extended deadline effectively applied only to Respondent.

[8] ECF No. 65.

[9] ECF No. 70.

[10] ECF No. 71.

court provided Petitioner with 7 days after Respondent's filing date, or until September 21, 2020, to file his rebuttal declarations of foreign law. The court did not alter Respondent's original deadline of September 14, 2020 to file her rebuttal declarations of foreign law.

Respondent now claims that the court provided only Petitioner with the ability to file rebuttal declarations of foreign law. As demonstrated by the foregoing facts, that is inaccurate. Importantly, Petitioner's declarations of foreign law had been on file with the court since June 5, 2020. In the August 14, 2020 order, the court provided Respondent until September 14, 2020 to file her rebuttal declarations of foreign law. Respondent simply failed to abide by that deadline. The fact that the court extended Petitioner's deadline for rebuttal declarations of foreign law to accommodate for the filing of Respondent's amended declarations of foreign law did nothing to alter Respondent's original deadline of September 14, 2020 to file her rebuttal declarations of foreign law. Having concluded that Respondent was permitted to file rebuttal declarations of foreign law but missed the deadline for doing so, the court turns to the issue of whether it will extend that deadline.

**2.    Respondent's Request to Extend the Deadline for Filing Rebuttal Declarations of Foreign Law Is Denied.**

The court denies Respondent's request because she has not shown "good cause" for failing to timely file her rebuttal declarations of foreign law. Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Although there is no "rigid or all-encompassing definition of good cause,"

> it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party

4

> seeking the enlargement and some reasonable basis for
> noncompliance within the time specified is normally required.

*In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quotations and citations omitted); *see also Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987). "Demonstrating good cause under [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

Respondent also fails to meet the lesser standard of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." In determining whether excusable neglect exists,

> a court must take into account "all relevant circumstances
> surrounding the party's omission." These include four relevant
> factors: (1) "the danger of prejudice" to the nonmoving party; (2)
> "the length of the delay and its potential impact on judicial
> proceedings"; (3) "the reason for the delay, including whether it
> was within reasonable control of the movant"; and (4) "whether the
> movant acted in good faith."

*Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[11] "The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'" *Id.* (quoting *City of*

---

[11] Although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b) . . . ." *Shifers*, 2018 WL 6620866, at *3 (citing multiple Tenth Circuit cases) (quotations and citations omitted).

*Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (third alteration in original).  "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"  *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (alteration in original).

Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Respondent established excusable neglect.  After determining that she cannot meet that standard, the court necessarily determines that she cannot meet good cause either.  Each standard is addressed in order below.

          a.        **Respondent Fails to Demonstrate Excusable Neglect.**

In determining whether Respondent has established excusable neglect, the court first considers whether extending the relevant deadline would impose undue prejudice on Petitioner.  Given that dispositive motions are now pending and undecided, the court cannot see how allowing Respondent to file her rebuttal declarations of foreign law would impose undue prejudice on Petitioner.  Accordingly, this factor weighs in favor of a finding of excusable neglect.

Second, the court considers the length of the delay and its impact on the judicial proceedings.  The length of the delay here is substantial given that Respondent did not file the instant motion for extension of time until nearly 3 months after her deadline for filing rebuttal declarations of foreign law had expired.  Although permitting Respondent to file such rebuttal declarations may not have a significant impact on the judicial proceedings, the length of the delay by itself weighs against a finding of excusable neglect.  Moreover, in the context of

proceedings regarding the Hague Convention such as this—which are supposed to be resolved in six weeks[12]—Respondent's delay is especially impactful on this type of proceeding.

Third, and most importantly, the court considers whether Respondent has proffered an adequate reason for the delay. Respondent has failed to do so. Respondent's two primary explanations for her failure to abide by the deadline for her rebuttal declarations of foreign law are various personal issues and her asserted need for information from the Central Authority of Peru. Both of those explanations are inadequate. First, with respect to her personal issues, Plaintiff fails to rectify her inability to meet the deadline in question with the fact that she was able to make numerous other filings in this case between the time her rebuttal declarations of foreign law were due and her instant motion for extension of time. Second, she fails to adequately articulate how the information from the Central Authority of Peru has any bearing on her rebuttal declarations of foreign law. Respondent's inadequate explanation for her delay, by itself, weighs heavily against a finding of excusable neglect and justifies denying Respondent's motion. *Id.* ("'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'" (quoting *Perez*, 847 F.3d at 1253) (alteration in original)).

Finally, the court considers whether Respondent has acted in good faith. Although it is not lost on the court that Respondent filed the instant motion the day before the fact discovery deadline expired, the court cannot see any direct evidence of bad faith. Accordingly, this factor weighs in favor of a finding of excusable neglect.

---

[12] Int'l Child Abduction Convention Between the United States of Am. & Other Gov'ts Done at the Hague Oct. 25, 1980, art. 11, T.I.A.S. No. 11670 (July 1, 1988) (providing a 6-week guideline for resolution and stating that "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children").

7

Based upon consideration of the relevant factors, and most importantly Respondent's inadequate explanation for the delay in bringing the instant motion, the court concludes that Respondent has failed to establish excusable neglect. That alone justifies denying her motion. Nevertheless, assuming that Respondent had established excusable neglect, the court now turns to whether she can establish good cause.

### b.  Respondent Fails to Establish Good Cause.

Having determined that Respondent failed to satisfy the lesser excusable neglect standard, the court examines whether she meets the good cause standard. As stated above, to establish good cause to extend the deadline in question, Respondent must provide an adequate explanation for her failure to meet that deadline. *Strope*, 315 F. App'x at 61. Again, Respondent fails to provide an adequate explanation because she fails: (1) to demonstrate how her personal issues prevented her from meeting the deadline but did not prevent her from making numerous other filings in this case during the same time period; and (2) to sufficiently articulate how the information from the Central Authority of Peru was necessary for her to timely file her rebuttal declarations of foreign law. For those reasons, Respondent has failed to establish good cause, which requires denial of her request for an extension of time to file her rebuttal declarations of foreign law.

### B.  Respondent's Request to File a Reply in Support of Her Expert Designations Is Granted.

Respondent correctly argues that the court permitted Petitioner to file a reply in support of his expert designations but failed to provide Respondent with the same opportunity. Accordingly, the court grants Respondent's request to file such a reply. Any such reply must be filed within 7 days of the date of this order.

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Respondent's motion for enlargement of time to file motion to dismiss[13] is MOOT.

2. Respondent's motion for consolidation of defenses[14] is DENIED.

3. Respondent's motion to amend the scheduling order[15] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED February 18, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[13] ECF No. 149.

[14] ECF No. 152.

[15] ECF No. 151.