IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICARDO ERNESTO SANCHEZ MENA,<br><br>Petitioner,<br><br>v.<br><br>SILVANA ESTHER GOMEZ PAZ,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER RE: PRETRIAL MATTERS RAISED BY RESPONDENT**<br><br>Case No. 2:20-CV-00036-CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Jared C. Bennett |

Before the court are Respondent Silvana Esther Gomez Paz's (1) Motion for Sanctions (ECF No. 352), (2) Motion to Appoint Counsel (ECF No. 353), and (3) Notice of Abuse of Process and Conflict of Interest (ECF No. 358). After reviewing the record and the parties' written submissions, the court determines that each of these matters can be resolved without oral argument and proceeds to resolve each matter as follows:

1. **Respondent's Motion for Sanctions (ECF No. 352)**

Respondent's motion for sanctions is premised on Respondent's allegation that Petitioner has identified certain exhibits for trial that have been fabricated. The court takes very seriously any claim that a party has or is attempting to present fabricated evidence to the court. Respondent, however, has not presented sufficient evidence to allow the court to make a determination regarding the validity of Respondent's claim that Petitioner has identified fabricated documents as potential exhibits for trial. Indeed, the identified exhibits that Respondent claims have been

fabricated have not been submitted to the court and the court has had no opportunity to review them.

Accordingly, Respondent's motion for sanctions is **DENIED WITHOUT PREJUDICE**. If Petitioner seeks to admit exhibits at trial that Respondent has reason to believe are fabricated, Respondent may object to the authenticity of those exhibits at that time. If Respondent demonstrates that Petitioner has fabricated evidence that he seeks to introduce at trial, she may also renew her request for sanctions, which the court will consider in light of the evidence presented at trial.

2. **Respondent's Motion to Appoint Counsel (ECF No. 353)**

Respondent asks the court to appoint new counsel, pursuant to 28 U.S.C. § 1915(e), citing the complexity of the issues in this case. Petitioner opposes the motion, arguing that Respondent's motion is untimely and, if granted, will further delay trial.

The court previously appointed counsel for Respondent on April 29, 2021. (ECF No. 211.) In doing so, the court cautioned that should she terminate court appointed counsel, Respondent would "proceed *pro se* in the matter and all deadlines will remain intact." (*Id*. at 2.)

On August 15, 2022, court-appointed counsel for Respondent filed a motion to withdraw, noting that Respondent "desires to proceed forward in this matter without the assistance of Holland & Hart LLP." (ECF No. 297.) The court initially denied the motion without prejudice, but indicated that if counsel could not proceed without creating a conflict of interest, the court would consider another motion to withdraw. (ECF No. 308.) Respondent's court appointed counsel filed a renewed motion to withdraw on November 2, 2022, claiming that a conflict of interest persisted that

required them to withdraw. (ECF No. 316.) The court granted the second motion to withdraw on November 9, 2022. (ECF No. 323.)

Accordingly, Ms. Paz has been on notice since at least November 2022 that she would need to seek new counsel or continue to represent herself *pro se* in this matter.

On December 12, 2022, an evidentiary hearing was held at which Respondent represented herself *pro se*. (ECF NO. 333.)

On January 10, 2023, the court held a status conference at which a bench trial was scheduled to consider Petitioner's Hague Convention petition, to begin on March 27, 2023. (ECF No. 338.) At the status conference, Respondent indicated that she wished to have new counsel appointed. The court directed respondent to file a written motion.

Respondent did not file her current motion seeking appointment of counsel until March 8, 2023, nearly four months after the court allowed the withdrawal of her prior counsel and two months after Respondent was directed to file a written motion seeking relief. (ECF No. 353.) More significantly, Respondent's current motion to appoint counsel was filed less than three weeks before the bench trial on Petitioner's petition is scheduled to begin.

Section 1915(e) allows the court to "request an attorney to represent any person unable to afford counsel," but it does not give the court the power to compel a lawyer to appear on an impecunious party's behalf. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-308 (1989). While the court agrees that the issues in this case are complex, and that Respondent would benefit from being represented by counsel at trial, the court concludes that it would not be reasonable to request counsel to represent Respondent at trial with such little time to prepare.

Moreover, Respondent's late filed motion to appoint counsel does not justify a further continuance of the trial scheduled to begin on March 27, 2023. Respondent has been on notice of her need to obtain new counsel since at least November 2022, and of her need to file a written motion seeking appointment of counsel since January 10, 2023. Respondent has also been warned by the court, when it previously appointed counsel for Respondent, that the calendar in this matter would not be modified because of her need to obtain new counsel in the future.

The Supreme Court has directed district courts to resolve Hague Convention petitions "as expeditiously as possible." *Chafin v. Chafin*, 568 U.S. 165, 180 (2013). The resolution of this case has been anything but expeditious. While the court believes that neither party is solely to blame for the lengthy delays in this case, any further delay would not be justified by Respondent's belated motion for appointment of new counsel.

Accordingly, Respondent's motion for appointment of counsel is **DENIED** as untimely.

### 3. Respondent's Notice of Abuse of Process and Conflict of Interest (ECF No. 358)

On March 10, 2023, Respondent filed a notice with the court raising concerns regarding potential bias or conflicts of interest between Respondent and certain court personnel. The court has carefully reviewed each of the incidents Respondent raised in her notice and finds that none of them provide any basis for the concerns raised in Respondent's notice. The court assures

//

//

//

Respondent that her defenses in this matter will be considered by the court on their merits and without bias.

DATED this 14th day of March, 2023.

BY THE COURT:

Clark Waddoups
United States District Judge