IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICARDO ERNESTO SANCHEZ MENA,<br><br>Petitioner,<br><br>v.<br><br>SILVANA ESTHER GOMEZ PAZ,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED WITH TRIAL**<br><br>Case No. 2:20-CV-00036-CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Petitioner's motion, filed March 27, 2023, requesting that the court (1) proceed with trial with or without Respondent's presence or, alternatively, grant Petitioner's Hague Convention petition as a sanction for Respondent's failure to appear at the March 27, 2023 trial; (2) hold an in-person hearing to address Respondent's failure to appear and to commence trial, with or without Respondent's present; and (3) issue a bench warrant or an order directing the U.S. Marshals to locate and bring A.L., the minor child that is the subject of the petition, to the court to ensure the child's safety and whereabouts. (ECF No. 374.)

The court has carefully reviewed the record in this matter in preparation for the trial, including trial briefs submitted by the parties submitted before the current trial and the trial that was scheduled to begin in October 2021; the parties' respective Declarations of Peruvian Law; various court orders and other records from Peru; expert reports from the parties' designated experts; the parties' respective summary judgment motions and supporting affidavits/declarations

and evidence; and the Guardian Ad Litem's reports. Based on its review, the court believes that there is likely sufficient evidence in the record to sustain defenses raised by Respondent in opposition to Petitioner's Hague Convention petition, including evidence that (1) the petition was untimely and that A.L. is now well settled in the United States, (2) that a grave risk of harm would arise if A.L. is returned to Peru, given Petitioner's documented history of domestic violence, and (3) A.L.'s level of maturity and desire to remain in the United States with her mother.

As the Supreme Court recently reiterated in *Golan v. Saada*:

> [t]he [Hague] Convention does not pursue return exclusively or at all costs. Rather, the Convention "is designed to protect the interest of children and their parents," . . . and children's interests may point against return in some circumstances.

142 S. Ct. 1880, 1893 (2022) (internal citation omitted). Moreover, "[t]he Convention explicitly recognizes that the child's interest in avoiding physical and psychological harm, in addition to other interests, 'may overcome the return remedy.'" *Id*. (citation omitted). The court "must remain conscious of this purpose" when considering Petitioner's Hague Convention petition. *Id*.

In light of the evidence in the record, the direction from the Supreme Court in *Golan*, and concerns regarding the well-being of A.L., the court cannot in good conscious grant Petitioner's petition by default or without full consideration of Respondent's defenses, which would be impossible if a trial is held without participation by Respondent. Moreover, the court believes it is essential that it interview A.L. in person to determine her level of maturity and preferences with respect to returning to Peru. Accordingly, the court denies Petitioner's request to proceed with trial without the participation of Respondent. The court also denies Petitioner's alternative request for entry of judgment by default or as a sanction under Rule 16.

For the same reasons, the court denies Petitioner's request for a hearing to commence trial, with or without Respondent present. As explained above, Respondent's participation in trial is essential to allow the court to conduct the balancing of Petitioner's interests under the Hague Convention and the well-being of A.L. that is required by *Golan*.

Finally, while the court is certainly concerned by Respondent's failure to appear at the March 27th trial and her failure to respond to the court's inquiries, the court has not been presented with any evidence that would support the conclusion that A.L.'s safety is in any imminent danger. Accordingly, the court concludes that the issuance of a bench warrant or an order directing the U.S. Marshal's to take A.L. into custody is not an appropriate remedy, at this time, for Respondent's failure to appear.

The court will, however, schedule a status conference to discuss how to proceed in this matter and the appointment of new counsel for Respondent to assist in the resolution of this case. The parties and the Guardian Ad Litem are, therefore, ordered to appear before the court in person on Thursday, March 30, 2023 at 10:00 a.m. in Courtroom 7.200.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge